UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZEYAD T. ALKARAWI,<br><br>          Plaintiff,<br><br>     v.<br><br>CORIZON MEDICAL,<br><br>          Defendant. | Case No. 1:20-cv-00181-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Zeyad T. Alkarawi is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Initial Review Order, Dkt. 10. Plaintiff has now filed an Amended Complaint. Dkt. 12.

The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his initial Complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.  **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

**2.      Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). And, a court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim.

**3.      Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff sues Corizon Medical, the private company providing Idaho inmates with medical treatment under contract with the Idaho Department of Correction. Plaintiff

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2

claims Corizon violated his Eighth Amendment right to adequate medical treatment. In its Initial Review Order, the Court explained that, to state a colorable Eighth Amendment against that entity, Plaintiff must plausibly allege that the inadequate medical treatment occurred as a result of a custom or policy of Corizon. *See* Dkt. 10 at 5–6.

However, no such inference can be drawn from Plaintiff's allegations. The Amended Complaint asserts that, after Plaintiff's right hand was broken in an altercation with another inmate, he did not receive appropriate treatment for that hand. Dkt. 12 at 5. Plaintiff also claims that, by the time "they finally did see" Plaintiff, the doctor said that "he would have to rebrake [sic] [Plaintiff's] hand to fix the injury." *Id*. These allegations do not plausibly suggest that Corizon has a policy or custom of delaying medical treatment. Moreover, Plaintiff still has not plausibly alleged that the one-month delay between his initial evaluation by the prison medical provider and his appointment with the offsite hand specialist was caused by Corizon, "rather than [by] the offsite specialist's availability or schedule." Dkt. 10 at 10.

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

4. **Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 3

with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to for Leave to Amend Complaint (Dkt. 11) is GRANTED IN PART to the extent that the Court has reviewed the Amended Complaint under 28 U.S.C. §§ 1915 and 1915A.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 10), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: October 9, 2020

B. Lynn Winmill
U.S. District Court Judge